IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MOHAMMED ABDELAZEM ALI AHMED, | § | |
| *Petitioner*, | § | |
| | § | No. 1:26-CV-02480-DAE |
| v. | § | |
| | § | |
| VERGARA, *et al*., | § | |
| *Respondents*. | § | |

ORDER

Before the Court is Petitioner Mohammed Abdelezam Ali Ahmed's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on September 8, 2026. (Dkt. # 1.) On September 11, 2026, this Court issued an Order to Show Cause as to Respondents, ordering a response within three days pursuant to 28 U.S. § 2243. (Dkt. # 3.) This show cause order contained a provision ordering Respondents not to remove or deport Petitioner from the United States pending the resolution of this matter and distinguishing Imran v. Harper, a case in which the Fifth Circuit found the district court lacked jurisdiction to grant a stay of removal. (Id. at 3–4.) The Court issued the stay of removal based on the posture of the case at the time of filing: Petitioner had no final order of removal.

On September 16, 2026, Federal Respondents updated the Court that Petitioner is subject to a final order of removal. (Dkt. # 6 at 2–3). Respondents

request the Court lifts the stay of removal in light of this decision. (Id.) Finding the Petitioner is now subject to a final order of removal, the Court will **DISSOLVE** that stay of removal contained within the Court's Order to Show Cause. (Dkt. # 3.)

Accordingly, given the Fifth Circuit's guidance in Imran v. Harper, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026), the Court finds that the stay of removal included in its Order to Show Cause should be **DISSOLVED**. (Dkt. # 3.) Nothing in this Order should be construed to affect the remaining portions of this Court's prior Order, and Petitioner's Habeas Petition remains under this Court's consideration. (Dkt. # 1.)

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, September 22, 2026.

David Alan Ezra
Senior United States District Judge